**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elda M. CLARK, Defendant–Appellant.**

**No. 89–3179.**

United States Court of Appeals, Tenth Circuit.

April 19, 1990.

Robert S. Streepy, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on the brief), Kansas City, Kan., for plaintiff-appellee.

David J. Phillips, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), Kansas City, Kan., for defendant-appellant.

Before MOORE and BALDOCK, Circuit Judges and BABCOCK, District Judge.*

BALDOCK, Circuit Judge.

■ Defendant-appellant, Elda Clark, pled guilty to embezzling over $100 from a federally insured financial institution in violation of 18 U.S.C. § 656. As part of her sentence, the district court ordered Clark to pay her victim, Mid–American Bank & Trust Company of Overland Park, Kansas, $153,762 in restitution pursuant to the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663–64. On appeal, Clark acknowledges that the district court properly determined the amount of loss to the financial institution. Rather, her argument is that the district court failed to take into account her financial status as required by

the VWPA when it imposed restitution. Our jurisdiction to review this matter arises under 18 U.S.C. § 3742(a)(1) & 28 U.S.C. § 1291. In reviewing the district court's order, we are obligated by § 3742(e) to accept its findings unless clearly erroneous. Absent an abuse of or failure to exercise discretion, we will not disturb an order of restitution. *United States v. Duncan*, 870 F.2d 1532, 1535 (10th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989); *United States v. Hill*, 798 F.2d 402, 406–07 (10th Cir.1986).

Congress enacted the VWPA for the purpose of compensating crime victims. *United States v. Teehee*, 893 F.2d 271, 274 (10th Cir.1990). Section 3663(a) of the VWPA empowers a district court to impose restitution in the appropriate case. Subsection 5E1.1 of the Sentencing Guidelines[1] requires a court to impose some restitution for offenses under Title 18 unless "the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution ... outweighs the need to provide restitution to any victims." 18 U.S.C. § 3663(d). Thus, a court's authority to deny restitution is somewhat limited. *See* S.Rep. No. 532, 97th Cong., 2d Sess. 31, *reprinted in* 1982 U.S.Code Cong. & Admin.News 2515, 2537.

■ In determining the appropriate order of restitution, a court must consider the defendant's financial status as well as the loss sustained by the victim. Section 3664(a) states that the court "shall consider" the financial resources of the defendant and the financial needs and earning ability of the defendant and the defendant's dependents. After considering the evidence, the district court may (1) impose restitution payable immediately, (2) impose restitution payable within a specified period or in specified installments consistent with § 3663(f), (3) order the defendant, in lieu of monetary restitution or in conjunction therewith, to perform services for the benefit of the vic-

---

* Honorable Lewis T. Babcock, United States District Judge for the District of Colorado, sitting by designation.

**1.** *See* United States Sentencing Comm'n *Guidelines Manual* (1989) [hereinafter *Guidelines* ].

tim under *Guidelines* § 5E1.1(c), or (4) decline to impose restitution pursuant to § 3663(d). The district court's decision must be supported by the evidence. When declining to impose restitution or ordering only partial restitution, the court must state the reasons for its decision. 18 U.S.C. § 3553(c). If the court does not provide otherwise, any restitution shall be payable immediately. *Id.* § 3663(f)(3).

In this case, the *only* evidence of Clark's financial condition before the district court was contained in the presentence report. The report considered inflows and outflows of cash and calculated the net monthly cash flow of Clark and her spouse to be negative, i.e. ($249) net cash outflow; in other words, cash outflows exceeded cash inflows by $249. The report concluded:

> Analyzing Mrs. Clark's financial posture, a fine, restitution or costs of incarceration assessment would have an unduly severe, if not impossible, impact upon the defendant and her family. There is no probable expectation of sufficient future financial resources to make good faith responses to the obligations.

Rec. vol. II at 8–9. Despite this analysis, the district court imposed restitution upon Clark in the amount of $153,762, payable immediately. After the imposition of sentence, the following exchange took place between Clark's counsel and the court:

> COUNSEL: Judge, the only comment I would have is with respect to the order of restitution of $153,000.... There's obviously no way that my client can make that kind of restitution at this time. She's been found by the court to be indigent.... I don't think there are facts to support an order of restitution in this amount and I would ask that the Court consider not imposing restitution or in the alternative substantially reduc-

ing that and setting up a time payment which would start at her release from incarceration.

> THE COURT: [U]pon filing of proper pleadings, we'll be glad to consider that issue. I do not desire to change that order at this time.

Rec. vol. IV at 8–9.

A district court may make a finding on the basis of information in the presentence report as to whether a defendant has proven by a preponderance of the evidence as required by § 3664(d) an inability to pay restitution. *See Guidelines Commentary* § 5E1.1 (sentencing judge may base findings on the presentence report). Yet in this instance, the district court apparently ignored the evidence of Clark's inability to pay and imposed upon her $153,762 in restitution. Nothing before the district court suggested that Clark could pay this amount of restitution immediately. There must be an evidentiary basis for a proper exercise of discretion. *See United States v. Mitchell,* 893 F.2d 935, 936 (8th Cir.1990) (restitution order must be consistent with defendant's ability of pay). Because no facts exist in the present record to support the district court's finding that Clark is able to pay her victim the imposed restitution immediately, we conclude that the district court did not properly exercise its discretion.[2] Accordingly, we vacate its restitution order and remand for further proceedings consistent with this opinion.[3]

VACATED and REMANDED.

---

2. Although the court expressed a willingness to reconsider its restitution order upon the filing of "proper pleadings," it did not explain what those pleadings might be. With the enactment of the *Guidelines,* a defendant no longer may file a motion for reduction of sentence with the district court. *See* Fed.R.Crim.P. 35 (repealed Nov. 1, 1987). Presumably, the district court was referring to a motion under 28 U.S.C. § 2255 to correct an illegal sentence.

3. Clark's argument that she should not be liable for restitution because her victim was insured against embezzlement losses is meritless. Subsection (e)(1) of 18 U.S.C. § 3663 states in pertinent part:

> The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, *except that* the court may, in the interest of justice, order restitution to any person who has com-

---

pensated the victim for such loss to the extent that such person paid the compensation. (emphasis added). Thus, upon proper proof, the district court could direct that any restitution by paid to the victim's insurer.