930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Susan Barbara WERNER, Defendant-Appellant.
 No. 90-6226.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before HOLLOWAY and TACHA, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Susan Barbara Werner (Werner) appeals from the sentence imposed following her plea of guilty to one count of unlawfully converting to her own use property of the United States in violation of 18 U.S.C. Sec. 641.
 
 
 2
 Werner was employed as a secretary for five social workers in the Family Service Division of the Oklahoma Department of Human Services (DHS). In June, 1989, she discovered the computer code and procedure necessary to reroute Authority to Participate forms (ATPs) without the social workers' knowledge. Thereafter, Werner began rerouting returned ATPs, food stamp coupons and Aid For Dependent Children (AFDC) checks to accomplices throughout the Oklahoma City area. Upon receiving the items, the accomplices would convert the ATPs into food stamps and convert the food stamps and AFDC checks into cash or cocaine to be shared with Werner.
 
 
 3
 In late September, 1989, Werner was contacted by the FBI relative to her diversionary activities. Werner agreed to cooperate with the FBI. From September 25 to October 17, 1989, she continued her diversionary activities with the assistance of the FBI. Werner's cooperation and subsequent testimony led to the conviction of a number of her accomplices.
 
 
 4
 On April 12, 1990, Werner entered a guilty plea to one count of unlawfully converting government property to her own use in violation of 18 U.S.C. Sec. 641. Included within her presentence report was the FBI's estimate that Werner had diverted approximately $35,000 of DHS funds prior to her cooperation with the FBI. The report also reflected Werner's belief that she had diverted only $20,000 of DHS funds before cooperating with the FBI.
 
 
 5
 The presentence report also included Werner's offense computation under the Sentencing Guidelines. Werner received a total offense level of 14, including four levels for her theft of more than $20,000 and less than $40,000. She also received six criminal history points for her four prior felonies which resulted in a criminal history category of III. Werner's offense level of 14 and a criminal history category of III resulted in a guideline imprisonment range of 21 to 27 months.
 
 
 6
 Following a sentencing hearing, the court sentenced Werner to 27 months imprisonment and three years supervised release, fined her $50 but waived the fine because of her inability to pay, and ordered her to pay $35,000 in restitution to DHS.
 
 
 7
 On appeal, Werner contends that the court erred in: (1) determining her offense level; (2) determining the level of adjustment for her role in the offense; and (3) ordering that she pay $35,000 in restitution to DHS.
 
 I.
 
 8
 Werner contends that the district court incorrectly applied Sec. 2B1.1 of the Sentencing Guidelines in determining her offense level.
 
 
 9
 Section 2B1.1(b)(1)(F) provides that, if the loss was more than $10,000 (but less than $20,000), the offense level is increased five levels. Sec. 2B1.1(b)(1)(G) provides that, if the loss was more than $20,000 (but less than $40,000), the offense level is increased six levels. Werner contends that the court erred in accepting the government's estimate that she had diverted $35,000 and in increasing her offense level six levels. She contends that the court should have accepted her estimate that she diverted less than $20,000 and should have increased her offense level by only five levels. Werner further contends that the government presented nothing to substantiate the estimated $35,000 diversion.
 
 
 10
 During the trial of her three co-defendants, Werner testified that the ATPs she diverted were generally in excess of $250. She also testified that she began the illegal diversions in late June, 1989, and continued until late September, 1989, when she began cooperating with the FBI. Special Agent Raftery testified that Werner admitted "directing" three to four ATPs per day. Furthermore, Paragraph 5 of Werner's presentence report, to which Werner did not object, reflects that Werner mailed three to four fraudulent items per day. This evidence supported the government's estimate that Werner illegally diverted $35,000.
 
 
 11
 We review the district court's factual findings under the clearly erroneous standard and afford due deference to the district court's application of the Sentencing Guidelines to the facts. United States v. Easterling, 921 F.2d 1073 (10th Cir.1990). Application Note 3 to Sec. 2B1.1 provides that "[t]he loss need not be determined with precision, and may be inferred from any reasonably reliable information." Applying this standard, we hold that the court did not err in finding that Werner had diverted $35,000 and that her offense level should be increased by six levels under Sec. 2B1.1(b)(1)(G).
 
 II.
 
 12
 Werner contends that the district court erred in determining that she had an aggravating role in the offense and in increasing her offense level by four levels under Sec. 3B1.1(a) ("If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."). The determination of whether the defendant was a manager or supervisor is a factual one and subject to review under the clearly erroneous standard. United States v. Alvarado, 909 F.2d 1443, 1447 (10th Cir.1990).
 
 
 13
 Werner's contention is without merit. During her sentencing hearing, Werner testified:
 
 
 14
 This No. 20 [Paragraph 20 in the presentence report] about my engineering the whole thing and all of that, I don't believe that would have come out as much as it did had I not cooperated and had I not testified.
 
 
 15
 I don't think--I just don't feel it is right to hold that against me, because I think if I wouldn't have testified and just pleaded guilty and nothing else would have come of it, my top involvement in this may not have never surfaced.
 
 
 16
 (R., Vol. II at p. 12).
 
 
 17
 Inasmuch as Werner's testimony reflects that she was the organizer and leader, she has failed to demonstrate that the district court erred in increasing her offense level under Sec. 3B1.1(a).
 
 III.
 
 18
 Werner argues that the district court abused its discretion when it ordered her to pay $35,000 in restitution. We agree.
 
 
 19
 18 U.S.C. Sec. 3556 authorizes the court to impose restitution in accordance with 18 U.S.C. Secs. 3663 and 3664 for violations of Title 18 and designated subdivisions of 49 U.S.C. Sec. 1472. Section 3664(a) provides in part:
 
 
 20
 (a) The court, in determining whether to order restitution--and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. [Emphasis supplied].
 
 
 21
 Although the district court did not make a finding on Werner's ability to pay $35,000 in restitution to DHS, Werner contends that it did and that there are no facts in the record to support such a finding. Werner observes that Paragraph 63 of the presentence report reflects that she has no appreciable assets. Werner also observes the court's finding that she did not have the ability to pay a $50 fine, after which the fine was waived, is inconsistent with the court's order that she pay $35,000 in restitution to DHS.
 
 
 22
 The government responds, citing to United States v. Paden, 908 F.2d 1229 (5th Cir.1990), that inasmuch as this issue is raised for the first time on appeal, it should not be considered. The government argues alternatively that, even if we do consider this issue, Werner failed to carry her burden under Sec. 3664(d)[1] of demonstrating her inability to pay the court-ordered restitution.
 
 
 23
 In United States v. Rogat, --- F.2d ----, Nos. 90-1052 and 90-1053, slip op. (10th Cir. January 29, 1991), we reviewed the conditions under which a court-ordered restitution will be affirmed:
 
 
 24
 We review the amount of the restitution order for an abuse of discretion. United States v. Richard, 738 F.2d 1120, 1122 (10th Cir.1984).
 
 
 25
 * * *
 
 
 26
 * * *
 
 
 27
 Although a defendant's indigency is not a bar to restitution, United States v. Sunrhodes, 831 F.2d 1537, 1546 (10th Cir.1987), we will not uphold the district court's exercise of discretion absent any evidence the defendant is able to satisfy the restitution order, United States v. Clark, 901 F.2d 855, 857 (10th Cir.1990). In Clark, the district court ordered a defendant to pay $153,762 in restitution immediately. The only evidence of the defendant's financial condition was a presentence report indicating a negative monthly cash flow of $249. Id. Based on this evidence, we vacated the district court's order as an abuse of discretion. Id.
 
 
 28
 A restitution order will be upheld if the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered....
 
 
 29
 The possibility of repayment, however, cannot be based solely on chance....
 
 
 30
 Rogat, slip op. at pp. 3-4.
 
 
 31
 Applying these standards, we hold that the district court erred in ordering that Werner pay $35,000 in restitution to DHS. The district court failed to comply with Sec. 3664(a), which requires the court to determine a defendant's financial resources before ordering restitution. Also, as in United States v. Clark, supra, there was no evidence that Werner would be able to satisfy the restitution order.
 
 
 32
 Moreover, accepting arguendo the government's contention that Sec. 3446(d) applies in this case, Werner demonstrated her inability to pay. Paragraph 63 of the presentence report reflected Werner's statement that she had no appreciable assets. Furthermore, during the sentencing hearing counsel for Werner advised the court that: "She is without funds to pay for any restitution. The likelihood of obtaining funds in the future for restitution to the Department of Human Services is fairly slim, if none." (R., Vol. II, pp. 9-10). This statement was unchallenged and the court undoubtedly relied on the presentence report and the comments of counsel when it waived the $50 fine it had assessed against Werner "because of inability to pay." (R., Vol. I, Tab 12).
 
 
 33
 Although the district court failed to comply with Sec. 3664(a), and although the district court waived Werner's $50 fine because of her inability to pay it, the district court nevertheless ordered Werner to pay $35,000 restitution to DHS. We hold that the court-ordered $35,000 restitution to DHS constituted an abuse of discretion. United States v. Rogat, supra, citing United States v. Richard, 738 F.2d 1120, 1122 (10th Cir.1984).
 
 
 34
 Werner's sentence to 27 months imprisonment and three years supervised release is AFFIRMED. The court-ordered restitution to DHS is VACATED and the case is REMANDED for further proceedings consistent herewith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 3664(d) provides:
 Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.