953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Edwin AJAYI, Defendant-Appellant.
 No. 90-5198.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1992.
 
 Before LOGAN, SEYMOUR and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Michael Edwin Ajayi appeals his conviction for conspiracy to commit mail fraud and aiding and abetting mail fraud. He contends as follows:
 
 
 3
 (1) That the district court abused its discretion in permitting Ebi Ere to testify about a conversation he overheard involving Mr. Ajayi;
 
 
 4
 (2) That the evidence was insufficient to convict Mr. Ajayi of conspiracy and of aiding and abetting mail fraud;
 
 
 5
 (3) That the district court abused its discretion in denying Mr. Ajayi's motion for new trial; and
 
 
 6
 (4) That the district court erred in imposing restitution on Mr. Ajayi.
 
 
 7
 We have reviewed the record in light of Mr. Ajayi's contentions on appeal, and we are convinced the trial court did not commit reversible error except on the issue of restitution, which the government has conceded. First, we do not believe that it was an abuse of discretion to permit Mr. Ere to testify regarding Mr. Ajayi's conversation with Mr. Kalejaiye about Mr. Ajayi's problems with his personal insurance claim on his car. Nor are we persuaded that the evidence was insufficient on the conspiracy and aiding and abetting counts on which Mr. Ajayi was convicted.
 
 
 8
 While the new trial motion is more problematic, we conclude that the trial court did not abuse its discretion in denying the motion without an evidentiary hearing. After trial, Mr. Ajayi submitted an affidavit by Mr. Kalejaiye asserting that Mr. Ajayi knew nothing about the insurance scheme and that his participation by cashing two of Mr. Kalejaiye's fraudulently received checks was an innocent act of friendship. The district court denied the motion without an evidentiary hearing. We have assessed the affidavit in light of the record in this case, which includes the presentence report and the sentencing hearing. At that hearing, evidence was presented that Mr. Ajayi himself had submitted fraudulent claims to other automobile insurance companies before and after the fraudulent claims which were the subject of the trial. Mr. Ajayi presented no evidence in response. The district court adopted the conclusion in the presentence report that Mr. Ajayi was involved in filing an additional eight fraudulent claims between October 1988 and December 1989. Rec., vol. IX, at 77. Given this evidence before the district court, we cannot conclude that the court abused its discretion in denying an evidentiary hearing on the motion for new trial. See United States v. Metz, 652 F.2d 478 (5th Cir.1981).
 
 
 9
 Finally, the government concedes that the district court could not order restitution for insurance frauds that were not part of the offenses for which Mr. Ajayi was convicted. See Hughey v. United States, 495 U.S. 411 (1990). In addition, it concedes that under United States v. Clark, 901 F.2d 855, 857 (10th Cir.1990), the district court erred when it ordered Mr. Ajayi to pay any restitution in the face of evidence in the presentence report establishing Mr. Ajayi's lack of net worth and minimal earning capacity. See also United States v. Kelley,, 929 F.2d 582, 587 (10th Cir.), cert. denied, 112 S.Ct. 341 (1991).
 
 
 10
 Accordingly, we AFFIRM Mr. Ajayi's conviction, but REVERSE the restitution order.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3