UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas Herbert McILVAIN,
Defendant–Appellant.

No. 91–6113.

United States Court of Appeals,
Tenth Circuit.

June 30, 1992.

Jerome T. Kearney, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

H. Lee Schmidt, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, Chief Judge, SETH, Senior Circuit Judge, and FINESILVER,[1] Chief District Judge.

SHERMAN G. FINESILVER, Chief District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

I.

■ The issue involved in this appeal concerns review of an order of restitution entered by the district court upon sentencing. The specific question presented is whether the trial court erred in ordering restitution in the absence of evidence establishing Defendant's financial resources, needs, and earning ability. In reviewing the district court's order of restitution, an

1. Honorable Sherman G. Finesilver, Chief United States District Judge for the District of Colorado, sitting by designation.

appellate court is obligated "to accept its findings unless clearly erroneous. Absent an abuse of or failure to exercise discretion, we will not disturb an order of restitution." *United States v. Clark*, 901 F.2d 855, 856 (10th Cir.1990). In the instant matter, we conclude that the district court abused its discretion in ordering restitution.

## II.

On January 9, 1991, Defendant Thomas Herbert McIlvain was convicted by guilty plea of using the United States Mails in furtherance of a scheme to defraud in violation of 18 U.S.C. § 1341.

Prior to sentencing, a Presentence Report was prepared by the United States Probation Office, Western District of Oklahoma, and is included in the record (Volume III). That report was accepted by the court without objections being made by any party. No additional evidence was presented at the sentencing hearing.

The Presentence Report stated that Defendant had a high school education, but no additional formal education or training. At various times from mid–July of 1989 through January 1991 (the time of Defendant's plea), Defendant performed odd jobs in carpentry and remodeling, operated a barbecue stand, and managed a restaurant.

As to his financial condition at the time of sentencing, Defendant had a net worth of negative $700. He was unemployed and without any source of income. The Probation Officer concluded that Defendant did not have the means to pay a fine. No further evidence as to Defendant's financial condition or prospective ability to pay was presented. Defendant was represented by the Federal Public Defender's Office at trial.

At the conclusion of the sentencing hearing, Defendant was committed to the United States Bureau of Prisons for a term of twenty-seven (27) months, ordered to pay a special assessment fee of fifty dollars, and placed on supervised release for a term of three years following his release from prison. In addition, he was ordered to pay restitution in the amount of $160,248 in installments as directed by the United States Probation Office. No objection was made to the order at the time of sentencing.

Defendant appeals only that part of his sentence directing the payment of restitution in installments as directed by the United States Probation Office.

## III.

The Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663–64, sets forth the requirements governing restitution orders. Section 5E4.1 of the United States Sentencing Guidelines (Nov.1990) provides that restitution shall be ordered for convictions under Title 18 of the United States Code in accordance with 18 U.S.C. § 3663(d).

Section 3663(a)(1) provides that a court *"may* order" restitution as a part of the sentencing proceeding. 18 U.S.C. § 3663(a)(1) (Emphasis added). Therefore, restitution is discretionary, not mandatory. Section 3664(a) states that in determining whether to order restitution, the trial court:

> shall consider the amount of loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3664(a).

After considering the evidence, the district court may "(1) impose restitution payable immediately, (2) impose restitution payable within a specified period or in specified installments consistent with § 3663(f), (3) order the defendant, in lieu of monetary restitution or in conjunction therewith, to perform services for the benefit of the victim under *Guidelines* § 5E1.1(c), or (4) decline to impose restitution pursuant to § 3663(d)." *Clark*, 901 F.2d at 856–57.

Section 3663(d) provides that, in the event that the court finds "that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order." 18 U.S.C. § 3663(d).

The Tenth Circuit has held unequivocally that when a district court orders restitution it must be consistent with a defendant's ability to pay. *United States v. Kelley*, 929 F.2d 582, 587 (10th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 341, 116 L.Ed.2d 280 (1991); *United States v. Dunning*, 929 F.2d 579, 581 (10th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 224, 116 L.Ed.2d 182 (1991); *Clark*, 901 F.2d at 857. A defendant's present indigency, however, does not bar a restitution order where "the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered." *United States v. Rogat*, 924 F.2d 983, 985 (10th Cir.1991), *cert. denied*, — U.S. —, 111 S.Ct. 1637, 113 L.Ed.2d 732 (1991); *accord, Kelley*, 929 F.2d at 587; *Dunning*, 929 F.2d at 581. The potential for repayment cannot be based on mere chance. *Rogat*, 924 F.2d at 985 (citing *United States v. Mitchell*, 893 F.2d 935, 936 n. 1 (8th Cir.1990)).

In *Clark*, 901 F.2d at 857, the Tenth Circuit vacated a restitution order requiring immediate payment, because "the district court apparently ignored the evidence of Clark's inability to pay and imposed upon her $153,762 in restitution. Nothing before the district court suggested that Clark could pay this amount immediately. There must be an evidentiary basis for a proper exercise of discretion." *Id.*

In *Rogat*, 924 F.2d at 985–86, a case decided several weeks prior to the sentencing in this matter, the Tenth Circuit upheld a deferred restitution order where, although both defendants immediate financial status was poor, the court found them to be able, intelligent, well-educated and talented business people with substantial earning capacity for the future. Thus, the court held that "[t]he record here satisfies the requirement in *Clark* of some evidence the appellants can satisfy the order." *Id.* at 986. The inquiry into future earning capacity is consistent with the approach taken by the Fifth and Seventh Circuits. *See United States v. Paden*, 908 F.2d 1229, 1237 (5th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 710, 112 L.Ed.2d 699 (1991); *United States v. McClellan*, 868 F.2d 210, 213 (7th Cir.1989).

In *Kelley*, 929 F.2d at 587, and *Dunning*, 929 F.2d at 581, both decided several weeks after the sentencing in this matter, the Tenth Circuit reversed restitution orders, holding that the record in each case failed to support the restitution order with evidence of defendant's present or future ability to pay.

## IV.

In this case, Appellant McIlvane and Appellee United States agree that restitution should not have been ordered. Both parties maintain that the evidence before the district court at the time of sentencing did not contain a basis on which to order the payment of restitution. Both Appellant and Appellee argue that Defendant does not appear to have a present ability to pay and that Defendant does not have significant future earning capacity.

As noted above, the Presentence Report indicates that McIlvane has no assets, no steady employment, no source of income, a high school education, and debt of $700. McIlvane had sought Aid to Families with Dependent Children and lived with his mother. Based on the undisputed facts, both Appellant and Appellee request that the district court's order of restitution in this matter be vacated and that the case be remanded to the district court for resentencing on that issue.

Upon review of the record and the briefs submitted herein, we conclude that the district court failed to consider McIlvane's

financial condition and present and future ability to pay in ordering restitution in the amount of $160,248. We find no basis for concluding that McIlvane has the present ability to make restitution. We also find that this case is remarkably similar to *Kelley* and *Dunning* to the extent that the record contains no evidence that McIlvane has the earning potential to make restitution in future installments.

## V.

Accordingly, we vacate the district court's order of restitution and remand for resentencing on the issue of restitution.