977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charlotte Joy CAMPBELL, Defendant-Appellant.
 No. 92-6047.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1992.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and BROWN, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 5
 The defendant pled guilty to one count of embezzlement under 18 U.S.C. § 656. The Information against Ms. Campbell alleged that she embezzled $27,000.00 from her employer, the Liberty National Bank and Trust Company. A presentence report was prepared and a sentencing hearing was held on January 21, 1992. Neither party objected to the presentence report. In the report, the probation officer concluded that the defendant, a fifty-four year old single mother with three children, had no assets to report and had a monthly negative cash flow of $432.00. The sentencing judge initially concluded that "I am not ordering restitution, I think she is unable to pay restitution." Tr. at 7. A sentence of incarceration was then imposed. Due to possible problems with the proposed sentence of incarceration, a second sentencing proceeding was held later the same morning. At the second sentencing proceeding the court ordered the defendant to make restitution of $27,000.00 to Liberty National Bank.
 
 
 6
 The defendant contends that the district court erred by ordering her to pay restitution in the absence of any evidence suggesting that she could pay the amount of restitution imposed. The defendant does not object to any other aspect of the sentence.
 
 
 7
 Section 5E1.1 of the Guidelines provides that the court shall enter a restitution order if such order is authorized under the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663-3664. The VWPA, in turn, allows the sentencing judge to impose an order of restitution for offenses under Title 18. See 18 U.S.C. § 3663(a)(1). The VWPA further provides:
 
 
 8
 The court, in determining whether to order restitution ... and the amount of restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 9
 18 U.S.C. § 3664(a). Disputes as to the proper amount or type of restitution are resolved by the sentencing judge using a preponderance of the evidence standard. Id. at § 3664(d). The burden of demonstrating the loss sustained by a victim of an offense is on the government, while the burden of demonstrating the financial resources and needs of the defendant is on the defendant. When this court reviews an order of restitution, we accept the factual findings of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(e). We will not disturb an order of restitution absent an abuse of discretion or a failure to exercise discretion. United States v. Clark, 901 F.2d 855, 856 (10th Cir.1990).
 
 
 10
 We have recognized on several occasions that there must be an evidentiary basis for a proper exercise of discretion. Thus, we have reversed an order of restitution where the record contained no evidence that the defendant was able to pay the restitution ordered. See Clark, 901 F.2d at 857. On the other hand, the fact that a defendant is indigent at the time of sentencing does not necessarily preclude an order of restitution. Such an order will be upheld where the evidence indicates the defendant has a potential for future earnings that would enable him to pay the amount of restitution ordered. United States v. Rogat, 924 F.2d 983, 985 (10th Cir.), cert. denied, 111 S.Ct. 1637 (1991). The possibility of repayment, however, cannot be based solely on chance. Id.
 
 
 11
 The only evidence before the district court in this case was the defendant's testimony and the presentence report, both of which indicated that the defendant had a negative cash flow and no assets. The district court noted the defendant's inability to pay the restitution order immediately, but concluded nevertheless that "[a]s time goes on, she might be able to make some part of the contribution or restitution and the court would entertain or could entertain a motion later on in that regard." Tr. at 12.
 
 
 12
 In its brief, the government concedes that this case must be remanded to the district court for resentencing. The government acknowledges that there is no evidence in the record to indicate that the defendant has a capacity for future earnings that would enable her to pay the order of restitution:
 
 
 13
 Here, the defendant, Charlotte Joy Campbell, is a high school graduate who has maintained employment during her adult life which has required minimum skills. Because of the instant offense, the likelihood that she will obtain employment in the banking industry or in any position of trust is minimal at best; therefore a basis for a determination that she has a substantial capacity to earn income beyond incarceration to satisfy the evidentiary basis requirement set forth in ... both Clark and Rogat is lacking.
 
 
 14
 Appellee's Br. at 5-6.
 
 
 15
 Because the government concedes that the district court's finding regarding the possibility of future payment was without any support in the record, we vacate the order of restitution and remand the case for further proceedings consistent with this order and judgment.
 
 
 16
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3