999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Ray YOUNG, Defendant-Appellant.
 No. 91-5157.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Steven Young was indicted on fifteen counts of conspiracy, wire fraud, and aiding and abetting. The charges arose out of a scheme concocted by co-defendant Thomas Gilbreath to fraudulently induce women to send Mr. Gilbreath money. Mr. Gilbreath obtained information about his victims through a magazine for Christian singles and called them purporting to be interested in companionship, fellowship, and/or matrimony. Mr. Gilbreath, sometimes with Mr. Young's assistance, would then represent that in order to get together with the victim, he needed money for car repairs, traffic fines, bail, or other expenses. In actuality, Mr. Gilbreath and Mr. Young were cellmates in a state correctional center serving very long prison terms.
 
 
 3
 Mr. Young pled guilty to one count of conspiracy to commit wire fraud, and one count of wire fraud and aiding and abetting. The remaining thirteen counts were dismissed. He was sentenced to thirty months in prison followed by three years of supervised release. In addition, the court ordered restitution in the amount of $15,816.54, payable in installments, and a special assessment of $100.00. On appeal, Mr. Young challenges only his sentence, contending that: (1) the district court misapplied the sentencing guidelines by enhancing his sentence on the basis of the vulnerability of the victims under U.S.S.G. § 3A1.1; (2) the court erred in imposing restitution absent evidence of Mr. Young's financial resources or earning potential, and (3) the court erred in ordering restitution without determining that the entire amount was directly caused by Mr. Young's specific conduct. We reverse and remand for resentencing.[1]
 
 I.
 
 4
 Mr. Young contends that the court erred in enhancing his offense level under U.S.S.G. § 3A1.1, which applies when "the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." In sentencing Mr. Young, the district court adopted the conclusions of the presentence report as to the applicable guidelines, see rec., vol. VI, at 9, and made no separate findings regarding the vulnerability of the victims. The report provided for enhancement under section 3A1.1, stating only that "the victims were vulnerable due to their age." Id. vol. III, at 6.
 
 
 5
 This court has held that, in considering the applicability of section 3A1.1, the court commits clear error if it does not evaluate the unusual vulnerability of the particular victim and instead focuses on a class of persons to which the victim belongs. See United State v. Creech, 913 F.2d 780, 782 (10th Cir.1990). When enhancement is based solely on a victim's membership in the class of elderly persons, "the district court's finding [is] insufficient, as a matter of law, to justify the adjustment of appellant's offense level under § 3A1.1." United States v. Smith, 930 F.2d 1450, 1455 (10th Cir.1991), cert. denied, 112 S.Ct. 225 (1991); see also United States v. Lee, 973 F.2d 832, 834 (10th Cir.1992). Here, as in Smith and Lee, the court applied section 3A1.1 solely on the basis of elderly status and did not make the required determination that each particular victim was "unusually vulnerable due to age." Smith, 930 F.2d at 1455 (quoting § 3A1.1 and adding emphasis); see also Lee, 973 F.2d at 834. Without such findings, the sentence was imposed as a result of an incorrect application of the guidelines. See Smith, 930 F.2d at 1456.
 
 II.
 
 6
 Mr. Young also contends on appeal that the court erred in imposing restitution when the record contains no evidence that he has either assets or potential earning capacity. The governing statute provides:
 
 
 7
 (a) The court, in determining to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 8
 18 U.S.C. § 3664 (Supp. II 1990) (emphasis added).
 
 
 9
 The presentence report upon which the court relied in ordering restitution here reveals that Mr. Young, who is forty years old, is presently serving a ninety-nine year sentence in state prison. It appears that his federal incarceration will not begin until his current prison term is complete. See 18 U.S.C. § 3584(a) (1988) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); U.S.S.G. § 5G1.3(a) (sentence for offense committed while defendant serving term of imprisonment shall run consecutively to undischarged term). The presentence report further shows that Mr. Young dropped out of high school, has spent all but three of the last twenty years in prison, has never attended a business or trade school, and has no employment history in the past ten years. He has limited access to a $700 savings account and owes approximately $850 in state court costs. Mr. Young now earns thirty dollars a month at his prison job.
 
 
 10
 This court has held that a restitution order "must be consistent with a defendant's ability to pay." United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir.1992); see also United States v. Clark, 901 F.2d 855 (10th Cir.1990); United States v. Dunning, 929 F.2d 579, 581 (10th Cir.), cert. denied, 112 S.Ct. 224 (1991); United States v. Kelley, 929 F.2d 582 (10th Cir.), cert. denied, 112 S.Ct. 341 (1991). Although indigency does not preclude an order of restitution, the order must be supported by at least some indication that a defendant has assets or earning potential. See United States v. Rogat, 924 F.2d 983, 985 (10th Cir.1991).
 
 
 11
 The facts before us are very similar to those in McIlvain, in which the defendant had "no assets, no steady employment, no source of income, a high school education, and debt of $700." 967 F.2d at 1481. Although the defendant had failed to object to the restitution order at sentencing, we vacated the order because there was no basis for concluding that the defendant had the present ability to pay or the earning potential to make future installments. Id. at 1482. Here Mr. Young, although otherwise in virtually the same financial condition as Mr. McIlvain, earns thirty dollars a month at his prison job. Even assuming that any or all of this monthly amount could be used to satisfy the restitution order, it would not be paid completely for forty-four years at the earliest. We therefore do not consider this case distinguishable from McIlvain.[2] Accordingly, given the absence of any realistic evidence of Mr. Young's present or future ability to pay, the record is insufficient as a matter of law to support an order of restitution.[3]
 
 
 12
 REVERSED and REMANDED for resentencing in light of this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Young did not raise these objections below. However, we have held that the imposition of an illegal sentence is plain error which we may notice on appeal despite a defendant's failure to object at sentencing. See United States v. Wainwright, 938 F.2d 1096, 1098 (10th Cir.1991) (restitution issue)
 
 
 [2]
 The circumstances here are, however, distinguishable from those present in United States v. Williams, No. 92-3345, 1993 WL 191328 (10th Cir. June 8, 1993). In Williams, we upheld a restitution order imposed on a federal prisoner facing a 20 year term and possible subsequent state incarceration. In ordering restitution, the court referred specifically to the Inmate Financial Responsibility Program in place in federal prisons. See id. at * 3-* 4. Under this, program the prison acts as a collection agent implementing court-ordered restitution out of up to 50% of prison earnings. In the case before us, there is no evidence of a comparable program at the state prison in which Mr. Young is confined. Moreover, while it appears that federal prisoners earn an average of $1000 a year, see id. at *3, Mr. Young earns $360 a year
 
 
 [3]
 In view of our determination that the lower court committed clear error in ordering restitution, we need not reach Mr. Young's argument that the court erred by failing to determine that the entire amount of restitution represented harm caused by Mr. Young's specific conduct