69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rebecca Ann CARTER, Defendant-Appellant.
 No. 95-6215.
(D.C.No. CR-95-26-R).
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 The issue in this case is whether Defendant Rebecca Ann Carter has sufficient earning potential to "create an objectively reasonable possibility" that she can pay $10,000 in restitution to the bank from which she embezzled $96,856.87. We uphold the district court's restitution order and affirm.
 
 I.
 
 2
 Defendant worked as a foreclosure department clerk for Equity Bank ("Equity") in Oklahoma City, Oklahoma. Between March 1992 and March 1994, Defendant embezzled $96,856.87 from Equity. On March 23, 1995, Defendant pleaded guilty to embezzling or misapplying bank funds, 18 U.S.C. 656.
 
 
 3
 The United States Probation Office prepared a presentence report ("PSR"). The PSR indicated that Defendant embezzled a total of $96,856.87 from Equity and that Equity recovered $17,837.52, resulting in a net loss of $79,019.35. The PSR specified Defendant had $5,000 in assets and $24,335 in debts, yielding a negative $19,335 net worth. The PSR stated Defendant had no present income and was supported by her fiance.
 
 
 4
 The PSR added that Defendant had attended high school through the tenth grade, earned a certificate in business administration from Draughton's School of Business, and completed fifteen hours of college credit at Oklahoma City Junior College. The PSR specified that Defendant had been employed: (1) from 1980 through 1989 as a collections manager at American Mortgage and Investments in Oklahoma City and earned $26,000 annually; (2) from 1990 through 1994 as a foreclosure department clerk at Equity bank, earning $2,000 per month; and (3) from March 1994 until February 1995 at various companies as a clerical worker. The PSR indicated that Defendant's W-2 forms for 1991 through 1994 showed earnings of $18,894, $22,957, $22,957, and $4,756.40, respectively. Based on this information, the PSR recommended the court order Defendant to pay $79,019.35 in restitution. The PSR reasoned that Defendant had sufficient "future earning ability" to pay restitution based on her history of stable employment.
 
 
 5
 Defendant objected to the PSR's recommendation that the court order her to pay restitution. The court agreed that Defendant did not have the capacity to pay $79,019.35 restitution. The court, however, overruled Defendant's objection and ordered her to pay $10,000 restitution on an installment schedule to be set up by the Probation Office. This appeal followed.
 
 II.
 
 6
 On appeal, Defendant asserts that the district court erred in ordering her to pay restitution. Specifically, Defendant maintains that she possesses neither present assets nor future earning capacity sufficient to pay the restitution ordered by the court. "We review the amount of the restitution order for an abuse of discretion." United States v. Williams, 996 F.2d 231, 233 (10th Cir.1993).
 
 
 7
 Restitution orders are governed by the Victim and Witness Protection Act, 18 U.S.C. 3663-64. Section 3664 provides:
 
 
 8
 The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
 
 
 9
 18 U.S.C. 3664(a). "The fact that a defendant is without financial resources at the time of sentencing is not a bar to a restitution order." United States v. Kunzman, 54 F.3d 1522, 1532 (10th Cir.1995). Instead, the court may still order restitution if the defendant possesses "sufficient 'earning potential' or 'earning ability' to create an objectively reasonable possibility that the restitution can be paid." Williams, 996 F.2d at 233 (quoting United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir.1992)). "To satisfy the objectively reasonable possibility standard, earning potential must consist of more than a 'mere chance' that a defendant can earn the requisite amount." Id. (quoting McIlvain, 967 F.2d at 1481).
 
 
 10
 In Kunzman, we concluded the district court did not abuse its discretion in ordering the defendant, Kunzman, to pay $331,756.09 in restitution to defrauded investors of a real-estate Ponzi scheme. Kunzman, 54 F.3d at 1533-34. We noted Kunzman was fifty-five years old, sentenced to six years imprisonment, and bankrupt. Nonetheless, we upheld the district court's restitution order based upon evidence in the record that Kunzman: (1) had been a successful businessman in the past; (2) was a high school graduate with some college credit; and (3) had earned approximately $50,000 per year as a salesman. Based upon this information, we concluded the court did not abuse its discretion in concluding Kunzman had sufficient future earning capacity to pay $331,756.09 restitution. Id. at 1534.
 
 
 11
 Likewise, we conclude the district court did not abuse its discretion in the instant case by ordering Defendant to pay $10,000 restitution to Equity. The record reflects Defendant: (1) has some educational background, including a certificate in business administration from Draughton's School of Business and fifteen hours of college credit; (2) has a history of stable employment in managerial and clerical positions; and (3) has a relatively stable history of earning approximately $20,000 annually. Like Kunzman, Defendant has demonstrated she has sufficient "earning potential" through her education, record of stable employment and past earnings. Williams, 996 F.2d at 233; Kunzman, 54 F.3d at 1533-34. Based on the circumstances of the instant case, we conclude the district court did not abuse its discretion in ordering Defendant to pay $10,000 restitution.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument