**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LYNN ROY OYLER,

      Defendant-Appellant.

No. 97-4032
(D.C. No. 96-CR-42-J)
(Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Lynn Roy Oyler pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and willful failure to file a tax return in violation of 26 U.S.C. § 7203. He was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to 46 months imprisonment and ordered to pay restitution. Mr. Oyler contends on appeal that the district court erred in determining the amount owed to Mr. Oyler's victims and abused its discretion in ordering restitution in an amount beyond Mr. Oyler's ability to pay. We vacate the order of restitution and remand for clarification.

The district court found that Mr. Oyler took $3,034,602.26 from the victims of his scheme. In considering whether to order restitution and in what amount pursuant to 18 U.S.C. § 3663(a)(1) and (2), the court stated "it appears to me with the skills that you have and the talents that you have that it would be a little optimistic to order you to pay $3 million-plus back to people." Rec., vol. III, at 12-13. The court then asserted its intention to enter a "general order" whereby Mr. Oyler would be required to pay not less than $100 per month during the period of his incarceration and $200 per month or more as determined by the probation officer during the period of his supervised release. Id. at 26. However, the docket entry reflects an order of restitution in the amount of $3,034,602.26.

We review the district court's factual findings supporting its restitution order for clear error and we review the amount of the order for an abuse of discretion. See United States v. Grimes, 967 F.2d 1468, 1473 (10th Cir. 1992); United States v. Rogat, 924 F.2d 983, 984-85 (10th Cir. 1991). When a defendant fails to raise an objection to the sentence before the district court, our review is

for plain error. See Fed. R. Crim. P. 52(b); United States v. Fisher, __ F.3d __, No. 97-5056, 1997 WL 786638, at *3 (10th Cir. Dec. 23, 1997).

Section 3663(a)(1) provides that the district court may order restitution as part of sentencing. In determining whether to do so, the court "shall consider":

> (I) the amount of loss sustained by any victim as a result of the offense; and (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3663(a)(1)(B)(i).[1] It is well established in the Tenth Circuit that a restitution order must be consistent with the defendant's ability to pay, but that present indigency "does not bar a restitution order where 'the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered.'" United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir. 1992) (quoting Rogat, 924 F.2d at 985).

Mr. Oyler contends the district court committed several errors in arriving at $3,034,602.26 as the amount owed the victims. Mr. Oyler's failure to object to this figure at sentencing requires us to review it for plain error. Given the detailed calculations provided by the government and Mr. Oyler's own concession

---

[1]The Victim and Witness Protection Act was amended in 1996. Several provisions of the previous version were retained in substance but renumbered. Although Mr. Oyler was sentenced in January 1997, the parties refer in their briefs to the pre-1996 version of the statute. We employ the post-1996 numbering.

at sentencing that approximately 260 investors lost some $3 million, we cannot say the district court's finding of the amount owed the victims constituted an obvious and substantial error. See United States v. Frady, 456 U.S. 152, 163 n.14 (1982); United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997). Moreover, disputed questions of fact not raised below are deemed waived on appeal. See Fisher, 1997 WL 786638, at *3; Gilkey, 118 F.3d at 704. We therefore affirm the district court's finding of the amount owed the victims of Mr. Oyler's actions.[2]

As to the amount of restitution Mr. Oyler should pay, the government concedes that ordering Mr. Oyler to pay the full amount lost by the victims would be an abuse of discretion. Indeed, the district court acknowledged at sentencing that defendant could not pay the full amount. Moreover, we agree with the parties that the record is ambiguous with regard to the amount the court ordered Mr. Oyler to pay. Under such circumstances, a remand for clarification is appropriate. See McIlvain, 967 F.2d at 1481-82; Grimes, 967 F. 2d at 1473-74. We therefore **VACATE** the order of restitution and **REMAND** to the district court for clarification of the total amount Mr. Oyler will be required to pay and in what

---

[2] At points in his brief, Mr. Oyler seems to argue that the district court erred in ordering any restitution at all because to do so would unnecessarily prolong or complicate sentencing in a manner outweighing the victims' interest in restitution. The district court determined at sentencing that an order of restitution was feasible without undue delay. To the extent the district court found that Mr. Oyler should pay restitution *consistent with his ability to do so*, it did not abuse its discretion.

increments.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3]In addition to requesting a remand for clarification, the government asks us to find that the district court adequately considered the needs of Mr. Oyler's dependents in fashioning its restitution order. While we do not say that an award in the amount of $100 per month for the period of Mr. Oyler's incarceration and $200 per month for the period of his supervised release would necessarily be improper, or that the district court failed to recognize the factors the statute requires it to take into account in making such a determination, we cannot proclaim that the district court adequately considered the needs of defendant's dependents given the ambiguity as to the actual amount ordered.