**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stan SMITH, Defendant–Appellant.**

**No. 88–2817.**

United States Court of Appeals, Tenth Circuit.

Nov. 3, 1989.

---

18 U.S.C. § 2113. Mr. Smith contends that the trial court erred by not giving a cautionary jury instruction regarding the testimony of John Heller, a paid informant and rebuttal witness. After reviewing the trial record, we conclude that even if rejection of the defendant's instruction was erroneous, any error was harmless beyond a reasonable doubt because of the substantial evidence identifying Mr. Smith as the bank robber. Therefore, we affirm Mr. Smith's conviction. Mr. Smith also appeals the sentence imposed by the lower court which departed upward from the Federal Sentencing Guidelines. Because the trial judge did not give adequate reasons on the record for departing from the Guidelines, we vacate and remand for resentencing.[1]

## I.

On March 14, 1988, a man robbed the First National Bank in Las Cruces, New Mexico. After stealing a car from a nearby parking lot one-half hour prior to the robbery, the robber, dressed in a coat and tie and disguised by a hat covering most of his forehead, dark glasses, and a moustache, entered the bank and held a pellet gun to a customer's head. He ordered the tellers to put their money in a bag that he was carrying, then left the bank, went into the parking lot, and drove off in the stolen car. The only issue in dispute at trial was the identity of the man who robbed the bank.

Steve Kotz, Asst. U.S. Atty., (William L. Lutz, U.S. Atty., and Paula G. Burnett, Asst. U.S. Atty., with him on the brief) Albuquerque, N.M., for plaintiff-appellee.

William D. Fry, Asst. Federal Defender, Las Cruces, N.M., for defendant-appellant.

Before McKAY, SEYMOUR, and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Petitioner Stan Smith appeals from his conviction of bank robbery in violation of

At trial, two of the tellers present in the bank lobby identified Mr. Smith as the robber. In a bandit identification form, one teller described the bank robber as a man of Mr. Smith's age. She also picked out Mr. Smith in a photo array provided by the police and identified Mr. Smith in court as the robber. Another teller provided a computer sketch of the robber, picked out Mr. Smith from the photo array, and identified Mr. Smith in court. The bank customer who was threatened by the robber, but did not see his face, testified about his general

---

1. Mr. Smith appeals the sentence imposed by the district court because he did not receive notice of the grounds for departure and the departure was unreasonable. Because the trial court did not provide an adequate explanation on the record for its departure from the Guidelines, we remand for resentencing and do not reach the notice or reasonableness issues.

appearance; however, she was unable to identify Mr. Smith. The woman whose car was stolen and used in the bank robbery provided a computer sketch of the man who stole the car, picked out Mr. Smith from the photo array, and identified Mr. Smith in court as the man who stole her car. In addition, a police officer who was acquainted with Mr. Smith identified him from the photo array and as the man in surveillance photos taken during the bank robbery. A tool salesperson, who had known Mr. Smith for three years, also testified that Mr. Smith was the man in the bank surveillance photos and described the appearance of Mr. Smith on the day of the bank robbery.

For the defense, two other bank tellers who were present in the bank lobby submitted bandit identification forms with descriptions that varied from those given by the prosecution witnesses. In addition, one of these tellers testified that she was unable to identify the robber from the photo array. A teller, who was in the bank vault and not present in the bank lobby during the robbery, identified Mr. Smith because he had been in the bank on several occasions prior to the robbery. Another person also said Mr. Smith had been in the bank on prior occasions with his son. Mr. Smith's former wife testified that although there was a strong resemblance, Mr. Smith was not the man in the bank surveillance photo.

As a rebuttal witness, the government called John Heller, Mr. Smith's next door neighbor, who provided information during the police investigation as a paid informant under the Crime Stoppers program. Mr. Heller testified that on the day before the robbery Mr. Smith told him he intended to rob a bank and his plan included stealing a car, dressing up, wearing a fake moustache or mask, using a pellet gun, and leaving town. On surrebuttal, Mr. Smith's former wife testified that Mr. Smith and Mr. Hel-

ler did not have an amiable relationship, and two weeks before the robbery the two men engaged in a pushing match lasting two or three minutes.

During the instructions conference, defense counsel requested that the court give a cautionary instruction for the evaluation of testimony of paid informants. Although the government did not object and the trial judge indicated that he would give the instruction, the "paid informer instruction" was not given. Instead, the court gave another proposed defense instruction which concerned identification testimony.

Mr. Smith filed a motion for a new trial on the ground that the court's failure to give a paid informer instruction deprived him of a fair trial. The court denied the motion, finding that the paid informer instruction was "clearly duplicative" and counsel's request for the paid informer instruction was correctly denied because of its untimely submission and because the jury had been properly and adequately instructed.

At the sentencing hearing, the court departed upward from the Sentencing Guidelines and sentenced Mr. Smith to eighty-four months imprisonment followed by three years of supervised release.[2] The district court explained its decision to depart from the Sentencing Guidelines recommended sentence by stating: "The Court in arriving at an appropriate sentence takes judicial notice of the force and violence used by the defendant in committing the offense, which justifies an upward departure from the guidelines." No other explanation or justification was given for departure from the Guidelines.

## II.

A harmless error analysis is the threshold standard for evaluation of the district court's failure to give the cautionary jury instruction requested by Mr. Smith. *Chap-*

---

**2.** This sentence was imposed as an alternative sentence by the trial court which reiterated its holding that the Sentencing Guidelines were unconstitutional and sentenced Smith to 15 years of imprisonment under the law prior to the effective date of the Sentencing Reform Act. Subsequent to the court's pronouncement of Mr.

Smith's sentence, the United States Supreme Court found the Sentencing Guidelines to be constitutional. *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Therefore, Mr. Smith's alternative sentence imposed under the Sentencing Guidelines is operative.

*man v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). "It is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations." *United States v. Hasting,* 461 U.S. 499, 510, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96 (1983).

■ In assessing whether the failure to give the jury instruction was harmless error, this court must look at the whole record. *Coleman v. Saffle,* 869 F.2d 1377, 1389 (10th Cir.1989). In doing so, we must determine whether we can "declare a belief that [failure to give an informer instruction] was harmless beyond a reasonable doubt." *Coleman,* 869 F.2d at 1389 (citing *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828).

■ Based upon a review of the entire record, we conclude that the district court's failure to give the informer instruction was harmless error beyond a reasonable doubt.[3] At trial, there was substantial evidence other than the testimony of Mr. Heller which identified Mr. Smith as the robber. Three witnesses provided descriptions, picked out Mr. Smith from a photo array, and identified him in court. In addition, two witnesses identified Mr. Smith as the man in bank surveillance photographs taken during the robbery. Although defense witnesses created doubt about the identification of Mr. Smith, the government's case was so strong that the verdict could not have been affected by the trial court's failure to give the defendant's requested instruction.

### III.

■ This court reviews sentences imposed under the Sentencing Guidelines according to the statutory standard provided by the Sentencing Reform Act of 1984 and codified at 18 U.S.C. § 3742. Section 3742(e) provides, in relevant part:

> (e) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

While we must give "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e), we review the application of the guidelines fully for errors of law. *United States v. Otero,* 868 F.2d 1412, 1414 (5th Cir.1989).

This case presents the question of what findings are required when a district judge decides to depart from the sentencing range provided by the Sentencing Guidelines. Departure is allowed when "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b). The statute sets out specific procedures that the sentencing court must follow when it departs from range. The appropriate part of the statute requires:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
>
> ....
>
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), *the specific reason for the imposition of a sentence different from that described.*

18 U.S.C. § 3553(c) (emphasis added). In this case, the brief statement made by the

---

**3.** Because the lack of an informer instruction was harmless error, we do not need to reach whether the trial court abused its discretion in failing to give the proposed informer instruction.

district court at sentencing does not satisfy this requirement.

A general recitation is an insufficient statement of the reasons required by § 3553(c). *See United States v. Wells*, 878 F.2d 1232 (9th Cir.1989). Specificity of reason is mandated by the statute; therefore, the sentencing court's statement that it took "judicial notice of the force and violence used by the defendant" adds nothing for review because the offense of which the defendant was convicted subsumes acts of "force and violence." More importantly, the guidelines themselves assess additional points for possession or use of a weapon, physical injury, and unlawful restraint. United States Sentencing Comm'n, Federal Sentencing Manual § 2B3.1 (1988). Thus, although we assume the court believed the defendant's acts were beyond the norm for the offense as set out in the guidelines, without the court's enumeration of the factors upon which that belief was predicated, we simply are left to speculation.

Additionally, the district court failed to indicate whether it found the Sentencing Commission inadequately considered those factors in formulating the guidelines. Such a finding is a condition precedent to imposition of a sentence above the guideline range. *See United States v. Michel*, 876 F.2d 784 (9th Cir.1989).

Without particularization by the trial court of its reasons for an enhanced sentence, this court cannot engage in the kind of meaningful review intended by § 3742 of the Sentencing Reform Act, which provides that a sentence should be set aside by this court if it departs unreasonably from the Guidelines' recommended sentence. 18 U.S.C. § 3742(e). The requirement that the district judge articulate specific reasons for any departure from the recommended sentence reflects the intent of Congress to do away with the uncertainties and the disparities in sentencing which resulted from earlier systems where judges had broad discretion. *See Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 651, 102

L.Ed.2d 714 (1989). To permit review in the context of this purpose, trial courts must set forth those incidents or circumstances which prompt them to impose greater punishment than the standards contemplate. *See Wells*, 878 F.2d at 1233.

Accordingly, the sentence is VACATED and the case is REMANDED for resentencing of the defendant in accordance with the principles set forth in this opinion.