**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stan SMITH, Defendant–Appellant.**

No. 90–2017.

United States Court of Appeals, Tenth Circuit.

April 16, 1991.

Robert J. Gorence, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Robert J. Baca, Asst. U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

Before BRORBY, McWILLIAMS, Circuit Judges, and SPARR,* District Judge.

BRORBY, Circuit Judge.

Defendant-appellant Stan Smith appeals the sentence imposed by the United States District Court for the District of New Mexico upon our vacation of his previous sentence and remand for resentencing in *United ed States v. Smith*, 888 F.2d 720 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990). Because the new sentence was imposed as a result of an incorrect application of the sentencing guidelines, we vacate the sentence and remand the case for resentencing.

A brief recap of the events to date is useful to an understanding of the dispute. On March 14, 1988, Mr. Smith robbed the First National Bank in Las Cruces, New Mexico while dressed in a coat and tie and disguised by dark glasses, a moustache, and a hat covering most of his forehead. After entering the bank, Mr. Smith held a pellet gun to a customer's head and ordered the tellers to put money in a bag that he was carrying. He then left the bank and drove off in the car which he had stolen in a grocery store parking lot one half-hour before the robbery. *Smith*, 888 F.2d at 721. Mr. Smith stole the car by falsely telling its occupant that her right front tire was very low, and offering to help her. When the car owner walked

---

* The Honorable Daniel B. Sparr, United States District Court Judge for the District of Colorado, sitting by designation.

around the car to examine the tire, Mr. Smith entered the car, backed out and drove off.

After indictment and a jury trial, Mr. Smith was convicted of bank robbery in violation of 18 U.S.C. § 2113. Mr. Smith was sentenced under the United States Sentencing Guidelines (U.S.S.G.) on November 4, 1988 to a term of eighty-four months imprisonment and three years of supervised release, and assessed a $50 special fee.[1] That sentence incorporated an upward departure from the guideline range based upon "the force and violence used by the defendant in committing the offense." Mr. Smith successfully appealed that sentence to this court in *Smith*, 888 F.2d 720. We there held the district court's explanation of its reasons for upward departure to be "insufficient," largely because "the offense of which the defendant was convicted subsumes acts of 'force and violence.' " *Id.* at 724. We therefore vacated the sentence and remanded the matter to the district court for resentencing including a statement of reasons for any departure from the guidelines' recommended sentence.[2] *Id.*

A revised presentence report was subsequently prepared for Mr. Smith. The presentence report correctly determined a base offense level of eighteen (18) for the charged offense. *See* U.S.S.G. § 2B3.1 (Oct. 1987).[3] In the presentence report calculations, the probation officer added two offense levels for a value of property taken that was greater than $10,000 but less than $50,000. *See* § 2B3.1(b)(1)(C) (Oct. 1987). Four offense levels were added for defendant's use of a firearm during the offense. *See* § 2B3.1(b)(2)(B) (Oct. 1987). As no other adjustment was made, Mr. Smith's total

offense level was calculated to be twenty-four.

In calculating the total offense level, the probation officer wrote: "15. *Victim Related Adjustment: None.*" (Emphasis added.) Further on in the presentence report, however, the probation officer identified defendant's involvement "in the *taking* of a motor vehicle directly *from a vulnerable victim*, that being an elderly woman" as one factor among several that "*would warrant* consideration for an *upward departure.*" (Emphasis added.)

The probation officer's confusion of upward departure and offense level adjustment led to a misapplication of the guidelines by the sentencing court. The difference between adjustments and departures is, of course, significant. As we discuss below, when the sentencing guidelines provide adjustments that adequately appraise offense conduct, those adjustments cannot be passed over in favor of departure. Departure from the guideline range is authorized only when the circumstances found and cited by the sentencing court have not adequately been considered—either as to kind or degree—in the sentencing guidelines.

The district court resentenced Mr. Smith on January 12, 1990, to the same sentence: eighty-four months' imprisonment followed by three years of supervised release, plus a special penalty assessment of $50. The court reached the same result as the presentence report in determining Mr. Smith's total offense level to be twenty-four. The court then cited the aggravating factors of victim vulnerability and more than minimal planning in increasing appellant's offense level to twenty-eight. The court echoed

---

1. The sentence was imposed as an alternative in light of the court's ruling that the Sentencing Guidelines were unconstitutional. When the guidelines were upheld in *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), the sentence became operative. *See Smith*, 888 F.2d at 722 n. 2.

2. Appellant's challenge to the underlying conviction was rejected. 888 F.2d at 723. We address only appellant's challenge to his sentence in this appeal.

3. 18 U.S.C. § 3553(a)(4) directs us to apply the version of the guidelines section in effect at the time of sentencing. Where the possibility of retrospectively enhanced punishment raises ex post facto concerns, however, we apply the guidelines section in effect at the time of the offense conduct. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). In this case, because amendments effective November 1, 1989 increased the offense level applicable to the charge offense, we apply the guideline version in effect on the date of the offense conduct—March 14, 1988.

the presentence report by stating, "the defendant took a vehicle in the furtherance of the crime from a vulnerable victim, that being an elderly woman." Mr. Smith now challenges the use of victim vulnerability to enhance his punishment[4] and argues the district court exceeded the scope of this court's remand order. We address those arguments in turn.

The district court's statement of reasons for the sentence imposed includes the following explanation:

> As to the indictment resulting in conviction for the offense of bank robbery, the Court finds that the defendant's base offense level is 18 pursuant to Section 2B3.1 of the sentencing guidelines.
>
> The defendant used a dangerous weapon, to wit, a pellet gun, during the commission of the crime, resulting in a 4 offense level increase.
>
> Further, the loss to the bank is determined to have been $28,465.00, resulting in an additional 2 offense level increase.
>
> Defendant's total offense level is found to be 24, and his criminal history category is 1, resulting in a guideline imprisonment range for fifty-one to sixty-three months.
>
> Pursuant to 18 U.S.C. § 3553(b), the Court finds that aggravating circumstances of a kind and to a degree exist in this matter that have not been adequately considered by the Sentencing Commission in formulating the applicable guideline range as to this defendant, and that *an upward departure is warranted.*
>
> The Court takes judicial notice that in preparation for the bank robbery, the defendant took a vehicle in furtherance of the crime from a vulnerable victim, that being an elderly woman. Further, the offense conduct represented more than minimal planning, as evidenced by both the defendant's discussion with a government witness of his intent to commit the crime and his altered appearance to conceal his identity at the time of the bank robbery. Therefore, pursuant to § 5K2.0, a departure is determined to be

warranted based upon relevant specific offense characteristics not utilized in the applicable guideline range.

> *Due to the specific offense characteristics of the vulnerable victim and more than minimal planning, the defendant's offense level shall be increased by four levels, for an adjusted offense level of 28,* which combined with a criminal history category of 1 results in a guideline imprisonment range of seventy-eight to ninety-seven months.

(Emphasis added.) The sentencing judge spoke both in terms of an upward departure and an adjustment of appellant's offense level. The court's remarks plainly carry forward the confusion—between offense level adjustment and departure from the guideline range—generated by the probation officer's failure to identify relevant adjustments in the presentence report. Both parties argued this appeal in terms of departure. This court is unable to determine whether the district court actually departed from the sentencing range or applied an offense level adjustment. We consider both alternatives below.

The distinction between adjustment and departure is critical because sentencing courts have no authority to depart from the sentencing guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0, p.s. This court also requires a higher degree of specificity in the explanation of departures. *See United States v. Beaulieu,* 900 F.2d 1531, 1535 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990).

We review the validity of upward departures under the three-step process explained in *United States v. White,* 893 F.2d 276, 277–79 (10th Cir.1990). We reach only the first step here. Under that step, "[w]e first review de novo whether the circum-

---

4. Mr. Smith has not appealed the court's use of "more than minimal planning" as a basis for either upward departure or offense level adjustment. We do not sua sponte raise this issue.

stances cited by the district court justify a departure from the Guidelines." *White*, 893 F.2d at 279. In resolving that question, "we must ascertain what circumstances the Commission has adequately considered." *Id.* at 278.

The district court based the challenged enhancement on the alleged vulnerability of the automobile-theft victim. Mr. Smith, basing his argument on his perception that the sentencing court departed from the guidelines, cites U.S.S.G. § 3A1.1, "Vulnerable Victim" in arguing that "the guidelines have already taken this factor into consideration, and there was no need for a departure on this basis." The government counters that § 3A1.1 does not reflect adequate consideration by the Sentencing Commission in these circumstances, because "the 'vulnerable victim' to which the Court referred was not directly connected with the offense of conviction."

U.S.S.G. Chapter 3, Part A provides for "Victim–Related Adjustments." The first of these, § 3A1.1 "Vulnerable Victim," provides:

> If the defendant knew or should have known that a victim of the offense was *unusually vulnerable* due to age, physical or mental condition, or that a victim was otherwise *particularly susceptible* to the criminal conduct, increase by 2 levels.

U.S.S.G. § 3A1.1 (Nov. 1989) (emphasis added).[5]

The district court did not specifically address U.S.S.G. § 3A1.1. Despite finding "that aggravating circumstances of a kind and to a degree exist in this matter that have not been adequately considered by the Sentencing Commission," the court offered no further elaboration of that finding. The court identified victim vulnerability as an aggravating circumstance and based its finding of vulnerability solely on the victim's status as "an elderly woman." Yet the court did not explain what it meant by "elderly," nor why it considered U.S.S.G.

§ 3A1.1 inadequate to deal with that factor.

▪ The court cited U.S.S.G. § 5K2.0 as authority for its conclusion that "a departure is determined to be warranted based upon relevant specific offense characteristics not utilized in the applicable guideline range." Section 5K2.0 provides, inter alia:

> the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (*e.g.*, as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

U.S.S.G. § 5K2.0, p.s. (Nov. 1989). The quoted sentence is a corollary of the now familiar mandate that departures can be based only on "circumstances ... not *adequately* taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b) (emphasis added). Adequacy is the essential consideration: courts can depart on the basis of any factor (whether addressed by the guidelines or not) that is *not* adequately considered by the guidelines. Where, as in this case, departure is based on factors that are considered by the guidelines, the sentencing court cannot depart unless it finds that consideration to be inadequate in light of unusual circumstances. Under *White*, of course, such a finding must be explained. 893 F.2d at 278.

▪ The district court did not explain why it found the guidelines' treatment of victim vulnerability to be inadequate. The guidelines provide a two-level adjustment for both "vulnerable victim" and "more than minimal planning." *See* § 3A1.1 and, *e.g.*, § 2A2.1(b)(1). The district court cited both factors and increased Mr. Smith's offense level by an aggregate of four levels. Although such aggregation muddles the sentencing and appellate review process, a fair reading suggests the court assessed two levels for each cited factor—the same

---

5. Because the amendment to § 3A1.1 which occurred between the date of defendant's offense conduct and the date of resentencing does not retroactively enhance defendant's punish-

ment, we use the version in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4), and note 3, *supra*.

offense level increase prescribed by the guidelines.

The court specifically did not find a two-level adjustment to be excessive or insufficient to address the relevant facts in this case. Thus, the court implicitly found the guidelines *do* adequately address victim vulnerability and more than minimal planning. For that reason, we cannot accept the court's justification of its departure from the guideline range. Under these facts we hold the alleged, age-based vulnerability is a circumstance adequately considered by the Sentencing Commission in formulating § 3A1.1.

■ Moreover, we reject the government's suggestion that departure was warranted because the auto-theft victim was the victim of an offense other than the charged bank robbery. Sentencing courts are authorized, under § 1B1.3, to consider a broad spectrum of relevant information in determining the guideline range. Section 1B1.3(a)(1) specifically authorizes consideration of:

> all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense. . . .

U.S.S.G. § 1B1.3 (Nov. 1989). Because the district court found the auto theft was committed "in preparation for the bank robbery," the court was fully authorized to consider that conduct, and its victim, in determining the appropriate base offense level and adjustments. Those same factors, however, could not serve as a basis for departure under these facts, as departure is not warranted where the guidelines adequately address relevant sentencing factors.

We now consider the validity of offense level adjustment on the basis of victim vulnerability under these facts. As noted, the district court did not expressly address § 3A1.1. The parties disagree as to its applicability.

■ In its own words, § 3A1.1 applies only if the victim was "*unusually* vulnerable due to age, physical or mental condition," or was "otherwise *particularly* susceptible to the criminal conduct." U.S.S.G. § 3A1.1 (emphasis added). Whether a victim was "unusually vulnerable" is a question of fact subject to review under the clearly erroneous standard. *United States v. Creech*, 913 F.2d 780, 781–82 (10th Cir. 1990). In *Creech*, we rejected an argument that newlyweds are, as a class, unusually vulnerable in the meaning of § 3A1.1. *Id.* at 782. We further held the sentencing court's contrary finding to be "clearly erroneous because it did not focus on the victim, but rather upon a class of persons to which the victim belonged." *Id.* We also "assume[d] the Commission adopted § 3A1.1 to enhance a defendant's punishment for an act of depravity." *Id.*

■ There was no finding of *unusual* vulnerability in this case. In sentencing Mr. Smith, the court simply remarked that the automobile theft involved "a vulnerable victim, that being an elderly woman." The record is otherwise silent as to the age and physical condition of the victim. As revealed by her testimony at trial, the victim's mental condition appears normal. The record is also silent as to Mr. Smith's motivation in selecting this particular victim. We note Mr. Smith perpetrated the theft through the use of trickery rather than physical force.

Without more, it appears the district court equated "elderly" status with per se vulnerability. We hold the district court's finding to be insufficient, as a matter of law, to justify the adjustment of appellant's offense level under § 3A1.1. The label "elderly," like the label "young," is too vague, standing alone, to provide the basis for a finding of unusual victim vulnerability. The use of § 3A1.1 to enhance a defendant's punishment for the exploitation of a vulnerable victim under § 3A1.1 requires analysis of the victim's personal or individual vulnerability. *Creech*, 913 F.2d at 782.

Accordingly, whether the court applied a departure or an adjustment, we hold that, to the extent it was based on a finding of victim vulnerability supported by nothing more than the victim's "elderly" status, this sentence was "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e)(2). We therefore remand the case for further sentencing proceedings. *See* 18 U.S.C. § 3742(f)(1). The district court is instructed to determine the applicability of U.S.S.G. § 3A1.1 and to resentence Mr. Smith accordingly. The court shall set forth a statement of reasons for the sentence imposed in compliance with 18 U.S.C. § 3553(c).

 We now address appellant's second argument, as it may well resurface. Mr. Smith claims the district court exceeded the scope of our remand by considering new factors—victim vulnerability and degree of planning—at the resentencing hearing. We reject appellant's argument. This court's remand for resentencing was not, as appellant suggests, a narrowly confined request for an explanation of the court's reasons for imposing his sentence. *Compare, e.g., United States v. Davis*, 912 F.2d 1210, 1215 (10th Cir.1990) ("We therefore will retain appellate jurisdiction and ask the district court to explain its reasons for the extent of departure above the guideline range.") Rather, we vacated Mr. Smith's sentence and remanded for resentencing. *Smith*, 888 F.2d at 724. Such an order directs the sentencing court to begin anew, so that "fully *de novo* resentencing" is entirely appropriate. The defendant is accorded the same procedural rights on resentencing as on the initial sentencing. *See* Fed.R.Crim.P. 32(a)(1). Therefore, no prejudice results from the reconsideration of sentencing factors under the guidelines. The law of the case doctrine and the cases cited by Mr. Smith are inapposite, given this court's vacation of his initial sentence.

Finally, we reject appellant's suggestion that the challenged sentence results from the district court's improper punishment of Mr. Smith for prosecuting an appeal. The argument that a resentencing to the same term of incarceration is "more severe" because it is supported by different aspects of defendant's conduct is simply nonsensical.

### Conclusion

In conclusion, we hold the facts cited by the sentencing court fail to justify either an upward departure or an offense level adjustment based on victim vulnerability. We reverse the two level increase for victim vulnerability, and hold that a bare finding that the victim was "elderly" is insufficient to warrant increased punishment under U.S.S.G. § 3A1.1.

The sentence is VACATED and the case is REMANDED for resentencing of the defendant in accordance with the analysis set forth in this opinion.