974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Stephen R. SINES, Defendant-Appellant.
 No. 91-3495.
 United States Court of Appeals, Seventh Circuit.
 Argued June 1, 1992.
Decided Aug. 25, 1992.
 
 Before CUMMINGS, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant Stephen R. Sines received a 71-month sentence after pleading guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), and one count of mail fraud in violation of 18 U.S.C. § 1341. On appeal, he raises several objections to his sentence. We affirm.
 
 
 2
 While living in Indianapolis in 1989, Sines (who was then 25 years old) befriended a 12-year-old boy who lived in his neighborhood. The boy lived with his mother, and had never lived with his father. In late May or early June 1989, when the boy was thirteen, Sines and the boy traveled with the mother's permission to Florida for a two-week vacation. While in Florida, Sines made or caused to be made videotapes of himself performing various sexual acts on the boy, who was asleep or otherwise sedated during the acts. In March or April 1990, Sines was living in Fairfax, Virginia. At this time, Sines asked the boy (who was still thirteen) to come visit him, which he did after obtaining his mother's permission. The boy, along with another man and woman, stayed at Sines' home for a week. During this stay, Sines again made or caused to be made a video tape of Sines' performing various sexual acts on the boy, who again appeared asleep or otherwise sedated during the acts.
 
 
 3
 In February 1989, Sines obtained under false pretenses the social security number and date of birth of Jeffery Watson, a fireman with the Warren Township Fire Department. Sines then transferred the title of a car to Watson's name, obtained a driver's license in Watson's name, and made a number of purchases on credit cards issued to Watson. Sines' fraudulent activity involved over $70,000.
 
 
 4
 On October 31, 1990, Sines entered into a plea agreement with the government. In that plea agreement, the government informed Sines of a forthcoming superseding information and the two counts it would include, agreed not to bring other federal charges against Sines relating to the circumstances, and agreed to "recommend a sentence within the Sentencing Guidelines range applicable to this case." The government did not agree to recommend any particular offense level. Instead, the agreement included the following language: "the defendant understands that the final determination concerning the guidelines range will be made after investigation and review by the United States Probation Office and/or investigation and review by the Court, based upon the factual and legal findings of the Court."
 
 
 5
 On December 19, 1990, the probation officer prepared the presentence report for this case. The report calculated the offense level for Count I, the sexual exploitation count, to be 25 pursuant to Sentencing Guidelines Section 2G2.1.[1] The offense level for Count II, the mail fraud count, was calculated at 14 pursuant to Section 2F1.1. Under Guidelines Section 3D1.4, the combined offense level was 25, since the offense level for the mail fraud count was more than nine levels less than the offense level for the sexual exploitation count. After subtracting two points for acceptance of responsibility, a final offense level of 23 was calculated by the probation officer, resulting in a sentence range of 46 to 57 months.
 
 
 6
 On January 18, 1991, Sines pleaded guilty to both counts of the superseding information and was sentenced to 71 months. The 71-month sentence was an upward departure from the final offense level of 23 found by Judge Dillin. On appeal in this Court, the government admitted, in a Motion to Vacate and Remand for Resentencing filed on May 17, 1991, that the upward departure was in error because it did not meet the standards set forth in 18 U.S.C. § 3553. In its motion to vacate, the government asserted that "there were sufficient facts in the record for the Court to arrive at the sentence which it imposed," listing the possibility of a two-level vulnerable victim adjustment under Guidelines Section 3A1.1 or a two-level abuse of a position of trust adjustment under Section 3B1.3. This Court granted the government's motion and remanded the case to Judge Dillin on June 13, 1991.
 
 
 7
 At the resentencing proceedings which took place on October 15, 1991, the district court again sentenced Sines to 71 months. There was no upward departure, however, at resentencing; instead, Judge Dillin applied the vulnerable victim and abuse of a position of trust enhancements noted above. After application of these enhancements, the final offense level was 27, and the 71-month sentence fell within the guideline range.
 
 Discussion
 
 8
 Sines' central argument is that the district court (for the second time) invalidly departed upward from the guidelines under 18 U.S.C. § 3553(b). That Section provides that "The court shall impose a sentence [within the Guidelines range] unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines * * *." It is unclear why Sines relies on this Section, because the vulnerable victim and abuse of a position of trust enhancements found by the district court are not departures from the Guidelines but are very clearly part of the Guidelines. The district court imposed a sentence within the guideline range. Therefore Section 3553(b) and the cases cited by Sines regarding the validity of upward departures are inapt.[2] United States v. Thomas, No. 91-1502, slip op. at 5 (7th Cir. July 20, 1992).
 
 
 9
 According to Sines, the government breached the plea agreement by failing to recommend an offense level of 25 at the resentencing hearing. We disagree, because the plea agreement contains no promise by the government to recommend any particular offense level. Sines also suggests that the government breached the plea agreement, or was somehow guilty of bad faith, when it argued the applicability of the vulnerable victim and abuse of a position of trust enhancements at the resentencing hearing. Sines, however, specifically agreed to be bound by the guidelines, and nothing in the plea agreement prevented the government from arguing for the application of victim-related enhancements. The fact that the government's arguments were not made at the initial sentencing hearing is irrelevant; the initial sentence was vacated, and in those circumstances "fully de novo resentencing" is entirely appropriate." United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.1991), certiorari denied, 112 S.Ct. 225. Therefore the government did not act in bad faith. Sines should not have been surprised by the government's arguments, since the government's intention to argue the enhancements was clearly indicated in its motion to vacate the original sentence filed in this Court.
 
 
 10
 Finally, Sines argues that the district court was clearly erroneous in concluding that the abuse of position of trust and vulnerable victim enhancements were applicable in this case.[3] The finding of an abuse of a position of trust is clearly proper. Guidelines Section 3B1.3 states in relevant part:
 
 
 11
 If the defendant abused a position of public or private trust * * * in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.
 
 
 12
 Here Sines befriended the young victim to such an extent that the victim's mother allowed him to take two significant out-of-state trips with Sines. It was during these very trips that the crimes occurred. As Judge Dillin stated, "I don't see how anyone could doubt that he did abuse the position of trust. This child was placed in his custody. In other words, the child was entrusted to him by his legal custodians" (Plaintiff's Br.App. 16). This finding was in no way erroneous.
 
 
 13
 We do not reach the issue of whether the district court erred when it concluded that the victim was unusually vulnerable pursuant to Guideline Section 3A1.1, because any error on that point would be harmless. If a sentencing error under the Guidelines has occurred, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 112 S.Ct. 1112, 1120-1121; United States v. Mount, No. 92-1087, slip op. at 5 (7th Cir. June 25, 1992). The district court found a final offense level of 27 at the resentencing, which with a criminal history category of I results in a sentencing range of 70 to 87 months. The court sentenced Sines to 71 months' imprisonment, at the low end of the range, only because the court felt that it should not sentence him for any longer period of time than the initial sentence (which was 71 months).
 
 
 14
 Assuming arguendo that the district court erred in its vulnerability finding, then the offense level would be reduced to 25, with a resulting sentencing range of 57 to 71 months. We are convinced that Judge Dillin would have given Sines a 71-month sentence under this range. The only reason the original sentence was at the low end of the range was the judge's belief that he should not exceed the sentence he originally gave. The district court's frustration over what he thought was a minimal sentence in relation to the gravity of Sines' crimes is apparent from the initial decision to depart upward and from the record as a whole. One reason for the district court's frustration was the fact that Guidelines Section 3D1.4 as applied to this case meant that Sines' mail fraud counts were disregarded for sentencing purposes. There is no doubt that Judge Dillin would have exercised his discretion under Section 3D1.4(c), which states that such disregarded counts "may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level." Therefore, even if we were to conclude that the district court's vulnerability finding was in error, no remand for resentencing would be necessary.
 
 
 15
 For the foregoing reasons, the defendant's sentence is affirmed.
 
 
 
 [1]
 Section 2G2.1 was amended on November 1, 1990, after the completion of Sines' criminal conduct. Under the amended Section 2G2.1, it appears that the offense level for Count I would be 29. Because of ex post facto concerns, the government has never argued that the amended Section should be applied to Sines
 
 
 [2]
 Sines' confusion over what constitutes a departure from the Guidelines is also the basis for the issue he raises, "Whether the Court erred in failing to sentence the Defendant within the guidelines as agreed between the Defendant and the government?" (Defendant's Br. at 6). Since the district court did sentence Sines within the Guidelines, his argument is obviously without merit
 
 
 [3]
 These arguments are so brief that they are probably waived, but we will consider them nevertheless