977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Luis SAUCEDO, Defendant-Appellant.
 No. 92-6098.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9(c). The case is therefore ordered submitted without oral argument.
 
 
 2
 This is defendant Joe Luis Saucedo's second appeal of a sentence imposed after his guilty plea to the charge of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The underlying facts are recounted in our opinion disposing of the first appeal, see United States v. Saucedo, 950 F.2d 1508, 1510-11 (10th Cir.1991), and will not be repeated here. In that appeal, we vacated defendant's sentence and remanded for resentencing, on the ground that a three-level enhancement for assuming a managerial or supervisory role in the offense was not warranted under the guidelines applicable to defendant's offense. See id. at 1517. At resentencing, defendant challenged the government's calculation of the amount of controlled substances at issue, and a two-level enhancement for possession of a firearm at the time of his arrest. The district court ruled that defendant had waived those objections by not raising them at his first sentencing hearing, but the court also considered and rejected defendant's challenges on the merits. This appeal followed, asserting error only in the enhancement for possession of a firearm.
 
 
 3
 We first address the question of waiver. In this defendant's first appeal, we ruled that the issue of the enhancement based on possession of a firearm had not been raised before the district court and did not rise to the level of clear error, and was therefore waived. See id. at 1518. However, because we vacated defendant's sentence on other grounds and remanded for resentencing, he was entitled to raise any nonfrivolous objection to the new presentence report. "Such an order directs the sentencing court to begin anew, so that 'fully de novo resentencing' is entirely appropriate." United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 112 S.Ct. 225 (1991). In this context, the law of the case doctrine does not preclude defendant from raising objections previously deemed waived. See id. ("The law of the case doctrine ... [is] inapposite, given this court's vacation of his initial sentence."). The government does not argue to the contrary.
 
 
 4
 On the merits, "[w]e review a district court's application of the sentencing guidelines to the facts under a 'due deference' standard, while reviewing the overall application of the guidelines for 'errors of law,' subject to a de novo review." United States v. Banashefski, 928 F.2d 349, 351 (10th Cir.1991). Under the pre-November 1989 guidelines applicable to defendant's case, an enhancement under U.S.S.G. § 2D1.1(b)(1) is permitted only if possession of the weapon by defendant is shown by a preponderance of the evidence to have been knowing or criminally negligent in furtherance of the crime charged. Saucedo, 950 F.2d at 1518; United States v. Underwood, 938 F.2d 1086, 1090 (10th Cir.1991).
 
 
 5
 At the sentencing hearing, the district court credited the testimony of the arresting officer, who testified that, upon entering the room in which defendant was sitting, he saw a handgun fly across the room from the direction of defendant's location. The officer testified that, after examining the gun, he noticed that it was jammed, with one round in the chamber and one round stuck vertically in front of the bolt. He further stated that another individual in the same room subsequently told him that defendant had picked up the gun and attempted to "rack a round" in it, then threw the gun as the police came through the door. II R. 18-19. Although this last testimony is hearsay, the court is entitled to consider it in a sentencing proceeding, as long as it is reliable. United States v. Hershberger, 962 F.2d 1548, 1554 (10th Cir.1992).
 
 
 6
 The district court ruled that this evidence was sufficient to support a finding that defendant had knowingly possessed a weapon in pursuance of the drug possession and distribution offense. We see no basis for disturbing that ruling. The evidence demonstrates that defendant possessed the gun at least long enough to attempt to load it, and possession of a weapon in an attempt to avoid detection or arrest for a crime is a use in furtherance of that crime.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3