989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin L. GRAHAM, Defendant-Appellant.
 No. 91-6681.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-90-42)
 Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael Lee Keller, UNITED STATES ATTORNEY'S OFFICE, Charleston, West Virginia, for Appellee.
 Hunt L. Charach, Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kevin Graham received a 135-month sentence upon pleading guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The sentence was at the bottom of the range recommended in his presentence report, which was prepared in accordance with U.S. Sentencing Commission, Guidelines Manual (1989). Five days after sentencing, Graham moved the court to reconsider his sentence in light of evidence that he had not been offered appointed counsel for one of the prior convictions upon which the presentence report relied in calculating his criminal history category.
 
 
 2
 The court granted the motion without vacating the sentence. Upon obtaining corroborating evidence but without holding a hearing, the court then resentenced Graham to 135 months' imprisonment. On appeal, a panel of this circuit vacated the sentence and remanded for allocution, finding the district court's failure to provide Graham with an opportunity to be present at his resentencing violated rights guaranteed by the Constitution, by common law, and by Fed. R. Crim. P. 43. United States v. Graham, No. 90-6445 (4th Cir. Sept. 19, 1991) (per curiam). We noted that on remand, the district court would "have the opportunity to consider" Graham's second issue raised on appeal-whether the government had violated the plea bargain by failing to inform the sentencing court of Graham's forthrightness with federal agents. Id. at slip op. 5, n.2.
 
 
 3
 On remand, the court considered that question, but denied Graham's additional "Motion to Reweigh Drugs." For the first time at this resentencing hearing, Graham urged that because the cocaine base was moist when seized, the weight was impermissibly enhanced and a re-weighing of the (by now desiccated) drug was necessary to ensure accurate sentencing. The court concluded that such action was beyond the scope of our mandate, and that Graham had waived the issue by failing to object to the factual determination of the drugs' weight at the original sentencing hearing. J.A. 36, 39-40. The court again imposed a 135-month sentence. This appeal followed.
 
 
 4
 The question whether the district court correctly interpreted the scope of its mandate is one of law, which we review de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).
 
 
 5
 Graham argues that our prior order to vacate his sentence created a clean slate upon which de novo sentencing proceedings must be inscribed; that is, he demands that the words "vacated and remanded" be read literally, to require the district court to consider on remand any and all issues, even those found lawful on appeal. In support, he cites, e.g., United States v. Smith, 930 F.2d 1450, 1456 (10th Cir.), cert. denied, 112 S.Ct. 225 (1991), and United States v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991). He urges, in the alternative, that his "Motion to Reweigh Drugs" was clearly within this court's prior mandate, which allowed him to argue for a sentence at the lower end of the sentencing range.
 
 
 6
 The government does not challenge this court's power to throw a resentencing hearing completely open, but contends that, properly construed, our mandate on Graham's prior appeal did not do so. We agree. Under the prevailing rule, enunciated even in Graham's cited authorities, vacation of a sentence does not entail de novo resentencing when the remanding court gives narrowing instructions that the district court must obey. E.g., Smith, 930 F.2d at 1456; see also United States v. Kikumura, 947 F.2d 72, 76 (3d Cir. 1991) (trial court properly construed mandate for resentencing as limited despite appellate court's vacation of sentence).
 
 
 7
 The government also points to United States v. Apple, 962 F.2d 335 (4th Cir. 1992), in which a panel of this circuit held that the district court correctly refused to consider a defendant's post-sentencing good behavior during resentencing, despite the fact that her conviction had been vacated on a prior appeal. Concededly the resentencing court in Apple received far more detailed narrowing instructions than those that bound the district court on remand in the instant case. Compare Graham, slip op. 5, with United States v. Apple, 915 F.2d 899, 915 (4th Cir. 1990). Moreover, while Fed. R. Crim. P. 35 did not allow the Apple resentencing court to consider post-sentencing developments on defendant's motion, no similar Rule prohibits consideration of Graham's motion to reweigh drugs.
 
 
 8
 Nevertheless, our prior decision to allow Graham to"allocute and renew his plea for a sentence at the bottom of the new range " cannot fairly be read simultaneously to erase that "new range" from the proceedings by requiring de novo resentencing. Graham, slip op. at 5 (emphasis added).
 
 
 9
 As an alternative basis for reversal, Graham urges that his motion was within the scope of our mandate because the drugs' weight was relevant to his arguments for a sentence "at the bottom of the new range." He admitted, however, that throughout the original proceedings he knew that the drugs were damp when confiscated and that their weight was a significant factor in calculating his Guideline sentencing range. J.A. 32. He also testified that his attorney told him no quantitative analysis would be performed, but that the entire mass of confiscated material would count against him. Id. This supposition was confirmed after the district court imposed Graham's original sentence, when Trooper J.L. Hudson stated that the drugs' purity was not analyzed-i.e., they were weighed "wet." J.A. 84.
 
 
 10
 Thus, the district court found Graham to have waived any objection to the accuracy of the presentence report insofar as it relied on the allegedly enhanced weight of the drugs. J.A. 40. On appeal, Graham fails explicitly to challenge this finding of waiver, although he argued before the district court that the law governing the qualitative analysis of confiscated drugs changed materially after his original sentence was imposed. J.A. 24, 81-83 ( citing United States v. Jennings, 945 F.2d 129 (6th Cir. 1991) and United States v. Rolande-Gabriel, 938 F.2d 1231 (11th Cir. 1991). The district court implicitly accepted the government's counterargument that Jennings and Rolande-Gabriel were readily distinguished on their facts. See J.A. 33-34. We find no reversible error in that conclusion.
 
 AFFIRMED