**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAY 30 1997**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID D. BRUNSON,

    Defendant-Appellant..

No. 96-6246
(D.C. No. CR-93-129-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Defendant-appellant David Brunson appeals from his resentencing, following remand from an earlier decision of the court of appeals. On this appeal, he contends that the district court erred in not considering a number of challenges to his sentence, as well as in failing to remedy a conflict of interest faced by his court-appointed counsel. He also challenges the sufficiency of the evidence supporting his convictions. We affirm the district court's rulings on all issues.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

Defendant Brunson was charged in a 51-count superseding indictment with wire fraud in violation of 18 U.S.C. § 1343 (1 count), money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (22 counts), and engaging in monetary transactions in property derived from criminal activity in violation of 18 U.S.C. § 1957 (27 counts). The superseding indictment also made allegations for an order of criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1). The factual background is outlined in United States v. Brunson, 54 F.3d 673, 675 (10th Cir.), cert. denied, 116 S. Ct. 397 (1995) (Brunson I), our opinion dealing with Brunson's earlier appeal, and we will only briefly deal with the facts.

A jury convicted Brunson on all 51 counts, id. at 676, and he was sentenced to 210 months in prison based on an adjusted offense level of 35 and a criminal history category of I (a sentencing range of 168 to 210 months). He was also ordered to pay $1,333,887.04 in restitution. I R. at Ex. 196. Brunson raised five issues in his earlier appeal from those convictions and sentences. First, he claimed that the district court had failed to consider his competency to stand trial. 54 F.3d at 676. Next, he raised three challenges to his sentence as calculated by the district judge under the Sentencing Guidelines. Id. He argued that the judge erred in (1) applying U.S.S.G. § 3D1.2, the Guideline provision for the grouping of convictions of multiple crimes; (2) applying an enhancement under U.S.S.G. § 3A1.1 for committing offenses against "unusually vulnerable" victims; and (3) applying an enhancement under U.S.S.G. § 3B1.3 for abusing a position of trust. Id. at 657. Finally, he

2

argued that the district court had erred in ordering restitution since there had been no showing that he had the ability to pay restitution. Brunson I, 54 F3d at 678.

This court concluded that the district judge did not err in ruling that the defendant was competent to stand trial. Id. at 676. We also rejected Brunson's argument regarding the application of the grouping provision, holding that the district court correctly applied the grouping provisions. Id. However, we agreed with Brunson on the other two enhancements and reversed the district court on those two points. We concluded that the victim, a Russian "corporation engaged in multi-million dollar international transactions" was not a vulnerable victim. Id. We also held that the district court's application of the abuse of trust enhancement was clearly erroneous because no trust relationship existed between Brunson and the Russian Coal Company. Id. at 677-78. Finally, we concluded that the record was insufficient to rule on the issue of restitution and remanded "this matter to the district court for further findings." Id. at 678. In concluding, our opinion stated: "AFFIRMED in part, REVERSED in part, and REMANDED for resentencing and other proceedings not inconsistent with this opinion." Id.

On remand, in the district court Brunson sought to challenge the application of Guideline enhancements for more than minimal planning, U.S.S.G. § 2F1.1(b)(2)(A), role in the offense, U.S.S.G. § 3B1.1,[1] and obstruction of justice, U.S.S.G. § 3C1.1. (Although

---

[1]It appears that the presentence report recommended a 4 level increase for Brunson's role in the offense. After considering Brunson's objection, the district court applied only a 2 level enhancement. See Transcript of June 28, 1996, Resentencing at 14.

3

Brunson had initially raised objections to the more than minimal planning and role in the offense enhancements with the district court, see I R. at Ex. 169, he did not pursue these in the first appeal.) He also sought to reopen the application of the grouping provisions to his multiple counts of conviction, an issue that had already been decided against him on appeal. See Aplt. Brief at 26-27; Brunson I, 54 F.3d at 676. Brunson also requested that new counsel be provided for him on the ground that his court-appointed attorney, who was a member of the Federal Public Defender's office, had a potential conflict of interest. The additional issues Brunson sought to raise would require testimony from his former counsel, who is now a member of the Federal Public Defender's office, and Brunson's son, who was represented by the same office.

The district court concluded that it had no authority to consider any matters except as provided in the mandate from this court. See Aplt. Brief at Attachment C, at 3-4 (district court's order of April 15, 1996). Therefore, the court limited the proceedings to "issues related to [Brunson's] ability to pay restitution." Id. at 4. On June 28, 1996, the district court resentenced Brunson without the two enhancements that had been reversed and determined that he lacked the ability to pay restitution beyond that which had already been obtained through forfeiture of assets; it was ordered that such remaining sum of $223,558.40 be returned to the victim, the Russian Coal Company. See Aplt. Brief at Attachment D (district court's order of June 28, 1996) at 2-3. The modified sentencing range was 108 to 135 months, based on an adjusted offense level of 31 and a criminal history category of I. I R.

at Ex. 314. The district court sentenced Brunson to 60 months' incarceration on Count 1; 108 months on Counts 2-23; and 108 months on Counts 24-50, all to run concurrently; supervised release of three years on each count, to run concurrently; and special assessments totaling $2,500, less credits for prior payments. Net proceeds from the sale of real property of defendant were ordered to be added to the restitution amount of $223,558.40.

Brunson filed a timely notice of appeal on July 9, 1996. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II

### A

Brunson's first contention on this appeal is that the district court was required to resentence him de novo and therefore to consider the additional challenges he wished to raise to the presentence report's calculation of the Guideline offense level. The parties have framed this issue as an inquiry into whether Brunson I "vacated" Brunson's sentence so as to require completely de novo resentencing or whether it ordered a "limited remand." The district court viewed it as the latter and we agree.

The interpretation of the mandate is a legal issue which we review de novo. Mason v. Texaco, Inc., 948 F.2d 1546, 1550 (10th Cir. 1991), cert. denied, 504 U.S. 910 (1992). This court has stated that such "an order [vacating a sentence and remanding for resentencing] directs the sentencing court to begin anew, so that 'fully de novo resentencing' is entirely appropriate." United States v. Smith, 930 F.2d 1450, 1456 (10th Cir. 1991).

5

Nevertheless, "[a]lthough resentencing on remand is typically de novo, this does not hold true where an appellate court has specifically limited a district court's discretion." United States v. Webb, 98 F.3d 585, 587 (10th Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997); United States v. Stanley, 54 F.3d 103, 108 (2d Cir.) (earlier appellate decision did not call for de novo resentencing; instead it identified a narrow issue for remand), cert. denied, 116 S. Ct. 238 (1995).

We have reviewed Brunson I carefully and we are firmly convinced that the further proceedings in the district court were a limited remand. Of the five issues that Brunson raised below in the first trial proceedings, the district court rejected two outright, those being the defendant's competency to stand trial and the application of the Guidelines' grouping provisions. Brunson I, 54 F.3d at 676. On that appeal to this court, Brunson received exactly the relief that he requested on two other issues, those being the vulnerable victim and abuse of trust enhancements, on which this court had reversed the district court's application of the Guidelines. Id. at 676-678. On the fifth issue, the appropriateness of the restitution order, we remanded the case to the district court for further development of the record as to defendant Brunson's ability to pay, his assets, and his future earning potential, for consideration in light of the actual amount of restitution he would be required to pay. Id. at 678. Thus aside from the restitution questions, no other issue was remanded for further fact-finding or any proceeding other than resentencing in accord with our rulings and mandate in Brunson I. Brunson I's mandate, therefore, required the district court to do only

6

two things: (1) to resentence Brunson without the enhancements for vulnerable victim and abuse of trust considerations, and (2) to reconsider the restitution issue in light of the additional record developed and for further findings regarding Brunson's ability to pay restitution.

This case is similar to United States v. Webb, 98 F.3d 585 (10th Cir. 1996) (Webb II), which also involved an appeal of a resentencing following an earlier appeal. In United States v. Webb, 49 F.3d 636 (10th Cir.), cert. denied, 116 S. Ct. 121 (1995) (Webb I), this court had "specifically instructed the district court to resentence defendant within the guideline range of 27-33 months and did not grant the court the opportunity to consider mitigating factors." 98 F.3d at 588. The effect of the mandate in Brunson I, like that in Webb I, was to instruct the district court to sentence Brunson within a range originally calculated, except here without the two enhancements that had been reversed. The district court's discretion in this regard was limited by the mandate rule,[2] which "generally requires trial court conformity with the articulated appellate remand." United States v. Moore, 83 F.3d 1231, 1234 (10th Cir.

---

[2]Brunson relies on United States v. Smith, 930 F.2d 1450 (10th Cir. 1991), to argue that an appellate reversal of a sentencing factor results in the vacating of the sentence and that a limited remand occurs only when the court of appeals makes "a narrowly confined request for an explanation of the court's reasons for imposing [the defendant's] sentence." 930 F.2d at 1456. We need only note that in Smith, we specifically "vacated Mr. Smith's sentence and remanded for resentencing." Id. at 1456. Our earlier opinion had stated that the trial judge had made only a generalized recitation that did not explain an upward departure, and that the judge had failed to state whether he found the Commission had inadequately considered factors relevant to formulation of the Guidelines. United States v. Smith, 888 F.2d 720, 724 (10th Cir. 1989).

1996) (citing <u>United States v. Bell</u>, 988 F.2d 247, 251 (1st Cir. 1993)).

The exceptions to the mandate rule are "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant error from the prior sentencing decision would result in serious injustice if uncorrected." <u>Moore</u>, 83 F.3d at 1234 (citing <u>United States v. Bell</u>, 5 F.3d 64, 67 (4th Cir. 1993)). Brunson has failed to show that any of these circumstances are present in this case and our review of the record has not turned up any reason to conclude that deviation from the mandate rule is warranted. Therefore, we conclude that here the district court did not err in ruling that its authority on remand was limited to resentencing Brunson within the new Guideline range without the reversed enhancements and to resolving the disputed restitution issue. Here the district judge stated that

> There is nothing in the Tenth Circuit's decision that could be construed as vacating defendant Brunson's sentence or in any manner requiring <u>de novo</u> sentencing. Rather, the matters on remand are limited to the issues related to his ability to pay restitution and no other issues will be presented. Accordingly, the issues about which Brunson raises concern with regard to a potential conflict of interest in Mr. Earley's continued representation will not be considered. As stated in the court's April 5, 1996 order, the motion to withdraw as counsel is DENIED. The resentencing will be limited to the issue of Brunson's ability to pay restitution and related issues.

Aplt. Brief at Attachment C, at 4. We feel that the district court carefully considered our prior opinion in <u>Brunson I</u> and properly determined the scope of the issues to be considered and decided on remand in light of our mandate and our precedents.

8

**B**

Our affirmance of the district court's ruling regarding the scope of resentencing leads us to reject Brunson's other challenges on this appeal as well. The first of these ancillary issues is Brunson's claim that the district court erred by not granting defense counsel's motion to withdraw. As noted earlier, the basis for the motion to withdraw was the potential conflict that existed in having Brunson represented by the Public Defender's office when the additional issues that Brunson sought to raise would require testimony from his former defense counsel, who was now a member of the same office, and his son, who was represented by the same office as well. Brunson contends that the district court had a duty to consider whether a conflict existed and what steps were required to eliminate that conflict. See Selsor v. Kaiser, 22 F.3d 1029, 1033-34 (10th Cir. 1994).

Our conclusion that the resentencing was not de novo disposes of this argument. On remand, the district court had two concerns. First, it had to resentence Brunson without the vulnerable victim and abuse of trust enhancements. There is no suggestion that to do so the district court would need to hear testimony from Brunson's former counsel or his son. Second, the district court was to make appropriate findings regarding restitution. Brunson does not argue that his former counsel or son would need to testify on this issue. Given the limited scope of remand and resentencing, the role of counsel was to seek the most favorable sentence within the new sentencing range, and we conclude that no conflict existed.

## C

Finally, we turn to Brunson's challenge to the sufficiency of the evidence underlying his conviction. Brunson challenged the sufficiency of the evidence to support his convictions when the government's case was completed, Tr. at 1125-26, and again at the completion of the entire trial, Tr. at 1244, by motions for judgment of acquittal, which were denied. However the government objects that this issue was not raised in the initial appeal by Brunson and therefore may not be asserted now.

We agree. Since no appellate issue challenging his conviction for asserted insufficiency of the evidence was raised before, see Brunson I, 54 F.3d at 675, that issue may not now be asserted to attack the underlying convictions in this second appeal. See United States v. Mendes, 912 F.2d 434, 437-38 (10th Cir. 1990). Although Brunson I required resentencing and reconsideration of the restitution matter, it left the finality of Brunson's convictions intact. Accordingly, Brunson may not now challenge his convictions for asserted insufficiency of the evidence.

**AFFIRMED.**

Entered for the Court


William J. Holloway, Jr.
Circuit Judge